UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
COURCHEVEL 1850 LLC,  :
        Plaintiff,  :
 :
v.  :   **MEMORANDUM OPINION**
 :   **AND ORDER**
MIGUEL ESPINOSA a/k/a MIGUEL  :
ESPINOZA, PERLA ESPINOSA, and  :   17 CV 799 (VB)
FREEWAY GROUP INC.,  :
        Defendants,  :
 :
and  :
 :
4 LAFAYETTE REALTY LLC,  :
        Interested Party.  :
 :
--------------------------------------------------------------x

      On July 18, 2018, the Court issued an Opinion and Order (the "Court's Order") granting defendant Freeway Group Inc.'s ("Freeway") motion to vacate the default judgment of foreclosure and sale entered against it by the Court on September 6, 2017 (Doc. #17), and nullify the referee's deed conveying title to intervenor 4 Lafayette Realty LLC ("4 Lafayette"). (Doc. #37).

      Now before the Court is 4 Lafayette's motion for relief pursuant to Rules 60(b)(1) and 60(b)(6).

      For the following reasons, the motion is DENIED.

## DISCUSSION

      The Court presumes familiarity with the facts and procedural history of this case.

      Rule 60(b)(1) permits a court to relieve a party from a "final judgment, order, or proceeding," on the basis of "mistake, inadvertence, surprise, or excusable neglect."

A motion for relief from judgment under Rule 60(b) is "generally not favored and is properly granted only upon a showing of exceptional circumstances." Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co., 609 F.3d 122, 131 (2d Cir. 2010) (citation omitted). It is intended to "strike . . . a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Accordingly, while Rule 60(b) should be "broadly construed to do substantial justice . . . final judgments should not be lightly reopened." Id. (citation omitted).

Here, 4 Lafayette does not seek to overturn the Court's Order, but asserts the Court inadvertently omitted to direct plaintiff to reimburse or make restitution to 4 Lafayette. In opposition to Freeway's motion to vacate the default judgment of foreclosure and sale, 4 Lafayette submitted briefs, affidavits, and exhibits. (Docs. ##27, 36). 4 Lafayette argued Freeway might be entitled to restitution in view of the foreclosure and sale of its property (Doc. #27 at 16−18; Doc. #36 at 8−10), but did not seek restitution for itself.

The Court found Freeway was entitled to vacatur because its default was not willful, and it had a meritorious defense. In reaching this determination, the Court carefully considered the prejudice to 4 Lafayette, including, inter alia, 4 Lafayette's initial contract deposit of $32,000, and monthly payments on two mortgages. (See Doc. #27-1: 3/22/2018 Sarway Aff. ¶¶ 10, 19). The Court found the prejudice to 4 Lafayette was vastly outweighed by the prejudice to Freeway if Freeway were deprived of the opportunity to defend itself.

Although 4 Lafayette did not seek restitution, the Court did not mistakenly fail to order it. Instead, the Court believed it was not appropriate to award such relief in connection with the only motion then pending before it, namely Freeway's motion to vacate the default judgment of foreclosure and sale.

Indeed, the Court's Order does not prevent 4 Lafayette from seeking relief. To the extent 4 Lafayette seeks relief, it can so move, in this Court, or another. In this Court, such a motion will be submitted and considered in the normal course, as it does not warrant the "extraordinary judicial relief" provided by Rule 60(b). Nemaizer v. Baker, 793 F.2d at 61.

For the same reasons, 4 Lafayette is not entitled to the relief it seeks under Rule 60(b)(6). "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)–(5)." Latimore v. NBC Universal Inc., 489 F. App'x 521, 522 (2d Cir. 2013) (summary order). The motion must show "'extraordinary circumstances' to warrant relief." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 59 (2d Cir. 2002) (citation omitted). The considerations cited in 4 Lafayette's motion fall short of that standard.

Accordingly, 4 Lafayette's motion for relief is denied.

## CONCLUSION

4 Lafayette's motion to set aside the July 18, 2018, Opinion and Order is DENIED.

The Clerk is instructed to terminate the motion. (Doc. #46).

The conference scheduled for October 11, 2018, at 11:30 a.m., will proceed as scheduled.

Dated: October 9, 2018
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge